# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| EMERSON DUFFY | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv124 |
| T.C. OUTLAW | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Emerson Duffy, a federal prisoner formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 contesting the validity of a disciplinary conviction received at the Federal Correctional Institution in Phoenix, Arizona.

## Discussion

Petitioner contests the validity of a prison disciplinary conviction, Incident Report #1434825, received for Rioting, Code 105. As a result of the conviction, petitioner received the following punishment: 40 days disallowance of good conduct time, 60 days disciplinary segregation, and a disciplinary transfer was recommended.

Petitioner contends he was denied due process because he did not receive adequate written notice of the violation alleged more than 24 hours before the hearing, as proscribed by 28 C.F.R. § 541.11. Petitioner contends that the location of the incident and time of the incident contained in the heading of the incident report were incorrect. Petitioner states the information was changed after his appeal to the Regional Director.

The Response

The respondent was ordered to show cause why relief should not be granted. In response to the petition motion, the respondent asserts that petitioner did not incur a deprivation of due process. The respondent contends petitioner was afforded all process due under *Wolff v. McDonnell* with respect to this disciplinary case; thus, the respondent contends the petition should be dismissed.

Analysis

*Due Process*

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. Government-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

In *Sandin*, the Supreme Court determined that federal courts reviewing alleged deprivations of due process should consider the nature of the challenged government action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 2299. Protected liberty "interests are generally limited to ... regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

When a liberty interest is at stake, minimal procedural requirements must be provided. *See Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). The due process that an inmate must receive in a disciplinary hearing is:

(1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993).

*Notice*

Petitioner claims he was not provided adequate advance written notice of the charges against him. Specifically, petitioner alleges that the location of the incident and time of the incident contained in the heading of the incident report was incorrect. Petitioner states the information was changed after his appeal to the Regional Director.

The issue of whether notice is adequate is determined by the Due Process Clause without regard to a prison's rules. In *Wolff v. McDonnell*, the Supreme Court held "that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564, 94 S.Ct. at 2978-79. The notice is adequate if it allows the inmate to understand the charges and to marshal the facts in his defense. *Id.*

While petitioner contends that certain information in the heading of the incident report may have been incorrect, petitioner does not contest the accuracy of the information contained in the body of the report. The facts provided in the written charge were sufficient to notify petitioner of the inappropriate conduct with which he was charged in order to allow him to prepare a defense.

3

Petitioner's statements to the investigating officer, as well as his statements in his grievances, reveal he was fully aware of the conduct with which he was charged and was defending his conduct, albeit unsuccessfully. Accordingly, petitioner's claims should be dismissed.

Further, in reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

"Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 252 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id*. at 536-537. The federal court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the factual findings of the disciplinary hearing officer. *Hill*, 472 U.S. at 455; *Turney v. Scroggy*, 831 F.2d 135, 140 (6th Cir. 1987) (holding that court may not reexamine the prison disciplinary board's credibility determinations). Instead, the court should consider whether there is any evidence that could support the finding. *Id.* at 455-56.

In this case, there was some evidence to support the factual findings of the disciplinary hearing officer. The hearing officer merely found the Incident Report and supporting memoranda

and officer's testimony more credible than plaintiff's claim of innocence. The hearing officer's determination appears to be a reasonable conclusion of the evidence presented. Thus, the hearing was not arbitrary and capricious and this credibility determination will not be disturbed. Accordingly, petitioner's claims should be denied.

Finally, petitioner has failed to show prejudice with respect to his claim. When a procedural safeguard is overlooked there must be a showing of prejudice as a result of the alleged constitutional violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993). Because the facts provided in the written charge were sufficient to notify petitioner of the inappropriate conduct with which he was charged in order to allow him to prepare a defense, petitioner has failed to show how he was prejudiced even if the notice were to be determined otherwise defective. Accordingly, the claim should be dismissed.

## O R D E R

For the foregoing reasons, petitioner's petition for writ of habeas corpus is hereby **DENIED**. A final judgment will be entered dismissing this petition.

**SIGNED** this the **10** day of **August, 2009.**

_____
Thad Heartfield
United States District Judge